

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DOUGLAS BROWN, <br> PLAINTIFF, | § | |
| VS. | § | CIVIL ACTION NO.2:01-CV-0411 |
| CLIFFORD BARNHILL, et al., <br> DEFENDANTS. | § | |
| | § | |

### PLAINTIFF'S REPONSE TO DEFENDANT'S SUMMARY JUDGMENT MOTION

Comes Now the Plaintiff,Douglas Brown,in accordance with Rule 56(b)(e)- and (f),Fed.R.Civ.P.,brings this His Reponse to defendant's summary judgment motion,and Plaintiff would like to show that there exist a "Genuine" issue that a Reasonable Jury could return a Verdict in His favor,pursuant to Anderson V.Liberty Lobby,Inc.,477 U.S.242,at 248(1986).

### STATEMENT OF THE CASE:

This is a case where the Defendants have failed to Respond to a particular threat to Plaintiff,because of their custom,Practice of ignoring Elderly Prisoner's Safety concerns,which are "Systematic- deficiencies". (Plaintiff ask this Court take Judicial Notice of the affidavit from Inmate Arthur Carson,on file herein,which supports Plaintiff's claims of this practice and policy of ignoring Elderely

(1)

Prisoner's safety concerns.)

### legal issue;

(1).WHETHER THE DEFENDANT DISPLAYED A RECKLESS DISREGARD FOR PLAINTIFF'S SAFETY?

(2).WHETHER THE DEFENDANT'S HAVE A DUTY TO PROVIDE A REASONABLE DEGREE OF SAFETY?

### claim;

On 1/22/01,Plaintiff,hereinafter,"Brown",informed Defendant Pattison, and Peacock,of threats of Bodily harm made to Him by His cell partner, (Kevin Henderson) whom was a much Younger Inmate,and more so aggressive.

The Defendant displayed deliberate Indifference for **Brown**'s safety by failing to act reasonably in Response to danger,see Farmer V.Brennan,- 511 U.S.825,114 S.Ct.1970(1994).

Brown was specific of the threat by Kevin Henderson,and the Defendant's, at a minimum,should have investigated the allegations of Violence,or the Threat against Brown. pursuant to,Young V.Quinlan,960 F.2d.351,at- 363(3rd Cir.1992).

The Indifference to Brown's safety were enhanced by Defendants actions, or inaction.Defendant Price,was gross negligent in failing to ensure proper classification or housing of Inmates within their age group or seperating "Younger,aggressive Inmates" from "Geriatric Inmates".the Defendants should have known the risk to Elder Inmates by placing them

with much Younger,and aggressive Prisoner.this constitute a Constitutional Liability,Gullatte V.Potts,654 F.2d.1007,1013(5Th Cir.1981),and Stokes V.Delcambre,710 F.2d.1120,1124-25(5TH Cir.1983).

### **CONTROVERTED ISSUES FOR TRIAL:**

(a).On 1/22/01,Defendant Pattison,Peacock,was warned beforehand of Kevin Henderson's threat,no action was taken to remove Brown from the same cell with Henderson,nor was any investigation conducted at this point;

(b).On 1/23/01,Brown,was assaulted by His cell partner,Kevin Henderson;

(c).On 4/26/01,a Pretextual investigation began,however,it didnot entail Brown and His cell partner Kevin Henderson.the investigation involves the wrong assailant,i.e.,"Donald Harrison",see(Plaintiff's Exhibit-(1) attached,"Offender Protection Investigation form,pg.2 ).there never was a meaningfull investigation taken in this matter;

(d).Brown's assailant,"Kevin Henderson" has an Assaultive History,and gang involvement.said Assailant has never been interviewed regarding His assault on Brown,before or after the incident by Prison Officials.

(e).Defendant Price,failed to ensure Proper classification of Elder Inmates,and have acted indifferent to Geriatric Offenders safety;

(f).The Defendant's practice is to punish the Elder Inmate complaining of threats by His cell Partner,by placing the complainant in lock-up status;

(3)

(g).Placement in safekeeping or Protective Custody creates atypical repercussions for Prisoner,whom are label a "Snitch",and denied all opportunities to participate in Educational or Rehabilitative endeavors;

There exist a genuine issues of material fact for Trial,as per; Celotex Corp.,V.Catrett,477 U.S.317,106 S.Ct.2548(1986).

WHEREFORE,PREMISES CONSIDERED,PLAINTIFF Pray,that the foregoing Case proceed to Trial.

dated this 7th day of April,2004.

*Douglas Brown*.
Douglas Brown

CERTIFICATE OF SERVICE:

I,Douglas Brown,certify that a copy of the foregoing Response to Defendant's summary Judgment/affidavit in support of Response,is hereby mailed to: Celamaine Cunniff,Assistant Attorney General,this 7th day of April,2004, by placing same in the U.S.Mail,postage prepaid.

I swear the foregoing statements are true and correct to the best of my knowledge,pursuant to 28 U.S.C.1746.

*Douglas Brown*.
Douglas Brown
TDCJ#346314
9601 Spur 591
Amarillo,Tx.79107

(In propria personam)

(4)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DOUGLAS BROWN<br>    PLAINTIFF, | § | |
| VS. | § | CIVIL ACTION NO.2:01-CV-0411 |
| CLIFFORD BARNHILL,ET AL., | § | |

STATE OF TEXAS
COUNTY OF POTTER

AFFIDAVIT OF DOUGLAS BROWN

Being duly sworn,deposes and says; I am the Plaintiff is the foregoing Lawsuit,Douglas Brown,and state the following:

I have submitted numerous I-60's,to no avail,to defendant Price , whom ignored all My written request for His intervention before and after My assault by Kevin Henderson.on 1/22/01,I warned Defendant Pattison, and Peacock of the threats made to me By My cell partner,where no investigation into the matter was conducted nor were either one Us move to another cell to avoid conflict.after being assaulted,Defendant Barnhill, forced Me to sign a Offender Protection Investigation form concerning an Inmate not related to My assault,(Donald Harrison).the Prison donot take seriously,Geriatric Prisoner's complaints regarding threats of harm.

I swear the foregoing statements are true and correct to the best of my Knowledge,pursuant to the penalties of perjury,28 U.S.C.§ 1746.
dated this 7th day of:
April,2004.

                                                             Douglas Brown
                                                             TDCJ#346314

(5)

# GRIEVANCE INVESTIGATION WORKSHEET
*Restricted & Confidential*

**STEP 2**

| GRIEVANCE OFFICE USE ONLY | | | |
|---|---|---|---|
| Unit: CGO   CGI: I0570 | Date Initiated: 4/10/01 | Date Completed: 4/30/01 | |
| Offender Name: Brown, Douglas | TDCJ No: 346314 | Housing: BC | |
| Grievance No: 200109476 | Code: 000 | Date Due: 5/15/01 | |
| EMERGENCY | USE OF FORCE | DISCIPLINARY ISSUE | PROPERTY ☐  ADA ☐ |
| YES ☐  NO ☐ | MAJOR ☐ MINOR ☐ UR ☐ | MAJOR ☐ MINOR ☐ | RELIGION ☐  SSI ☐ |
|  | UOF # | # | MEDICAL ☐ |

**Summary of Issue:** *(Include date, time location.) NOTE: For claims of Excessive/Unreported UOF, or Harassment/Retaliation for use of the Grievance Procedure or Access to Courts rights, other legal activities, the investigation must be conducted by Internal Affairs. Complete the Fact Sheet for I.A.D. Investigations.*

1-22-01-The offender alleges he notified Sergeant Patterson and Officer Peacock that his cell mate, Offender Henderson, had threatened him with bodily harm but no action was taken. On 1-23-01, Offender Henderson assaulted him, which resulted in injuries.

**Requested Remedy:**
IAD investigation

---

The following is to be completed by the investigating official. The investigating official must sign the bottom. (Attached Statement/Supporting Documentation is applicable.)

**Summary of Fact Finding Activity:**
Officer Patterson stated that the offender did notify him that he was having problems with his cellmate. He was advised to write an I-60 to the major or classification. At no time did the offender stated that he was threatened by his cellie or that he was in fear of his personal safety. Sergeant Peacock stated that the offender did not report that he was being threatened in anyway. In addition, he has no knowledge of this offender being assaulted. A review of computer records indicates that Offender Brown and Offender Henderson are no longer cell mates. This investigator initiated a life in danger investigation on 4/26/01, as required by policy. A faxed copy of the life in danger investigation was received on 4/30/01. A review of the "Offender Protection Investigation Form" indicates that the offender signed a waiver indicating that he feels the issue has been resolved and is no longer requesting protection.

**Suggested Response to Offender:**
There is no evidence to indicate that you had previously reported to agency staff that you feared bodily harm from your cellmate. On April 26, 2001 an investigation was conducted into your complaint and you signed the "Offender Protection Investigation Form" waiver stating that you considered the issue resolved and no longer required protection. No further action is warranted.

| Outcome Code: | D | | |
|---|---|---|---|
| Completed By: | Signature: *BJSanchez* | Date: | 4/30/01 |
| | Printed Name: Brenda Sanchez | Title: | CGI |

Plaintiff's Exhibit #(1)

71

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

_____BC_____ UNIT

## Offender Protection Investigation Form

Upon completion of this form send it to the Major's Office for review and forward to Unit Classification office.
Please print or type all entries on this form.

Name of offender: __Brown, Douglas__   TDCJ #: __346314__

Date investigation completed: __4-26-01__   Time investigation completed: __1800__

Briefly describe the alleged protection situation: __Trouble with cell partner__

Is the complaining offender a member of a gang or security threat group? [X] No  ( ) Yes
( ) Suspected    ( ) Confirmed    ( ) Claims membership at this time   What group?_____

Offenders Involved:

| TDCJ Number | Name | Nature of Involvement | Name of STG/gang if any |
|---|---|---|---|
| 666098 | Harrison, Donald | Verbal Threats | |
| | | | |
| | | | |
| | | | |

Were weapons used? ( ) Yes   [X] No   If yes, what type of weapon(s) were used?_____

Describe medically verified injuries: __N/A__

Complaint was corroborated by:   ( ) Staff   ( ) Offender Witness   ( ) Physical Evidence   [X] Not Corroborated

List any previous action taken to alleviate the need for protection: __No__

UCC Recommendation to the SCC and justification(s):_____

UCC Chairperson:_____   Date:_____

Date forwarded to SCC:_____

SCC Review Date:_____

Approved UCC recommendation ( )   Action Taken by SCC:_____

Disapproved UCC recommendation ( )   Explanation:_____

SCC Member:_____   Date forwarded to Unit:_____

1

Prepared by: Classification and Records, 12/10/99

SSP-115 (rev 6/99)

72   12

# OFFENDER PROTECTION INVESTIGATION FORM: INVESTIGATION DETAILS

Offender Name: __Brown, Douglas__    TDCJ #: __346314__

Current Housing location/designation: __8L 1A__    Current Work Assignment __UnAsgn Med__

Age: __49__    Height __5' 11"__    Weight __209__ lbs.    Custody: __MI__

Date Investigation began: __4/26/01__    Time Investigation began: __1630__

Where did the most recent incident occur? __Prior - 3-20-01 15 52__

When did it occur? Date: __Prior to 3/20/01__    Time: __N/A__

When did staff become aware of a possible endangerment situation?    Date __4/26/01__    Time __1600 hrs__

How was it reported? (check one)
[X] I-60 from offender   ( ) Verbally by offender   ( ) By staff   ( ) Other (explain) _____

Name of person reporting the situation (if other than offender being threatened): __N/A__

Was situation reported to Internal Affairs? [X] No   ( ) Yes (if Yes, date and time of report): _____

Name of IA Investigator contacted: __N/A__

Have there been similar incidents before? [X] No   ( ) Yes  When? _____

Has offender previously been assigned to Safekeeping or Adm. Seg. Protective Custody? __N/A__

Prior endangerment request? ( ) No  ( ) Yes    (if Yes, date of most recent request) __N/A__

To whom was prior reported? __N/A__    Results: _____

Was any physical or written evidence presented? [X] No   ( ) Yes
Please describe:

_____

Were any staff members interviewed? [X] No   ( ) Yes   (If No, explain why not)
List staff witnesses, statements or report(s) of interview(s) (attach as applicable): _____

_____

Were any other offenders interviewed? [X] No   ( ) Yes   (If No, explain why not)

Written statements? [X] No ( ) Yes

List offender witnesses, statements or report(s) of interview(s) (attach as applicable): _____

_____

2

INVESTIGATOR'S SUMMARY: problem however, the said offender and offender Harrison, Doug* #666*** due one living in medium custody and the other in minimum custody

OFFENDER WAIVER STATEMENT

I AM REQUESTING THAT NO FURTHER ACTION BE TAKEN BY THE ___BC___ UNIT REGARDING MY REQUEST FOR SAFEKEEPING, ADMINISTRATIVE SEGREGATION PROTECTIVE CUSTODY, TRANSFER OR OTHER _____ (CIRCLE ONE). THE SITUATION HAS BEEN RESOLVED AND I NO LONGER REQUIRE PROTECTION/TRANSFER. I UNDERSTAND THAT THE ALLEGATIONS I MADE WHICH RESULTED IN THIS INVESTIGATION WILL NOT BE INVESTIGATED AGAIN UNLESS THERE IS NEW EVIDENCE THAT SHOULD WARRANT ANOTHER INVESTIGATION.

BY MY SIGNATURE BELOW, I ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND THE ABOVE STATEMENT AND I AM SIGNING THIS STATEMENT OF MY OWN FREE WILL.

OFFENDER SIGNATURE: *Douglas Brown*    TDCJ-ID#: 346314    DATE: 4-26-01

INVESTIGATOR'S SIGNATURE: _____    DATE: 4/26/01

DATE REVIEWED BY MAJOR OR DESIGNEE: _____    REVIEWERS INITIALS: _____

DATE OF UCC COMMITTEE HEARING: _____    CODE: _____

UCC ACTION: _____

CHAIRPERSON OF THE UCC: _____

cc:    Offender Unit File

3

Prepared by: Classification and Records, 12/10/99
SSP-116 (rev 8/99)

74   14

APR 27 2001 14:31                            806 383 7113      PAGE.04